UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE B. GARKOV,

       *Plaintiff*,

   v.

NSA,

       *Defendant*.

Civil Action No. 1:25-02053 (UNA)

**MEMORANDUM OPINION**

    This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons explained below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    Plaintiff, a resident of Hong Kong, purports to sue the National Security Agency ("NSA") under the FOIA, 5 U.S.C. § 552. *See* Compl. at 1–2. He contends that he seeks information from the NSA regarding his "assassination with a microwave weapon" in 2018 in Sofia, Bulgaria, and to prove that the NSA is "helping the military in their operations" by implementing the "NAZI Act," that the government is targeting him "as a non-consensual test subject" and "wiretapping [him] illegally." *See id.* at 2. He alleges that he has suffered mentally and physically from "NAZI AI," and that the government is attempting to split "the personality on person A and person B trying to program assassins or cause suicide of their victims," including Plaintiff, by "installing demons" in his brain. *See id.* at 2–3. He has filed this lawsuit to "defend [himself] and stop the monsters from ruining [his] life, future trying to degrade, destroy liquidate and murder [him] [so he] would like to request for full information disclosure from NSA databases." *See id.* at 3.

1

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Simply put, this Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Therefore, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1308. The instant Complaint falls squarely into this category. *See Webb v. Dep't of Army*, No. 22-cv-02236, 2022 WL 17851470, at *1 (D.D.C. Oct. 7, 2022) (dismissing the plaintiff's claims for alleged FOIA violations predicated on a government conspiracy against him), *aff'd*, No. 22-5292, 2023 WL 2564344, (D.C. Cir. Mar. 20, 2023) (per curiam).

Accordingly, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 9, 2025

CARL J. NICHOLS
United States District Judge